```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
STANLEY GADDY, *pro se*,                          :
                                                  :     **MEMORANDUM AND ORDER**
                       Plaintiff,                 :
                                                  :     08-CV-573 (DLI)(LB)
              -against-                           :
                                                  :
UNITED STATES DEPARTMENT OF                       :
EDUCATION,                                        :
                                                  :
                       Defendant.                 :
------------------------------------------------------------------- x
```
**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Stanley Gaddy brought this *pro se* action seeking, *inter alia*, review of the defendant United States Department of Education's administrative garnishment of his wages to satisfy an outstanding student loan. Defendant moves to dismiss the action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, defendant's motion for summary judgment is granted.

**I.    Background**

      On August 7, 1972, plaintiff signed a promissory note for three federal Stafford educational loans totaling $2,150. (Decl. of Alberto Francisco, Senior Loan Analyst, in Supp. of Def.'s Mot. to Dismiss ("Decl.") Ex. 1, at 1.) The interest rate for these loans varied between 7% and 7.5%. (*Id.*) In December 1973, plaintiff defaulted on his loan repayments with $1,669.72 still remaining in outstanding principal. (*Id.* at 2; *see also id.* Ex. 4, at 2.) On or about October 25, 1993, defendant took assignment of these loans from their previous guarantor. (*Id.* at 2.) Following unsuccessful efforts to secure repayment from plaintiff, defendant brought an action against him in the United States District Court for the Eastern District of New York ("E.D.N.Y."). *See generally United States v. Gaddy*, No. 98-CV-4048 (DGT)(JLC) (E.D.N.Y.

Nov. 9, 1999). The case was dismissed without prejudice for failure to prosecute on November 9, 1999; the record does not indicate the reason behind this failure. *Id.*

On December 11, 2007, defendant began a new attempt to collect the debt owed by plaintiff, this time via administrative wage garnishment pursuant to 20 U.S.C. § 1095a.[1] Plaintiff was notified of his right to a hearing in order to contest this action. (*See generally* Decl. Ex. 5.) His response was to send defendant a copy of the 1999 order dismissing defendant's previous action from the E.D.N.Y. (*See* Decl. Ex. 4, at 5–8.) On January 17, 2008, after confirming that plaintiff was employed and making over $10,000 per year, a Hearing Official for the U.S. Department of Education's Borrower Services rendered an administrative decision that plaintiff's wages were subject to 15% garnishment until his debt was satisfied.[2] Pursuant to this decision, defendant began garnishing 15% of plaintiff's disposable pay on March 24, 2008. (Decl. at 4.) The record does not indicate the balance of plaintiff's outstanding debt as of the date of this Order.

On February 7, 2008, plaintiff filed this action *pro se*, and was granted leave to proceed *in forma pauperis* on February 22, 2008.[3] Liberally construed, plaintiff's hand-written complaint requested appointment of counsel and review of defendant's administrative garnishment of his wages. (*See* Compl. at 1.) Plaintiff also complained about the "excessive interest rates" applied to his loans, although he did not specify the relief sought for this alleged harm. (*Id.*) On August 22, 2008, defendant moved to dismiss the action, or, alternatively, for summary judgment, on the

---

[1] (Decl. at 2.) Plaintiff's debt had risen to $4,799.66 by that date, due to accrued interest. (*Id.*)

[2] (*Id.* Ex. 4, at 1–4.) On the date of this decision, plaintiff's debt stood at $4,824.23, which included unpaid principal, interest, fees, and projected collection costs.

[3] Note that this case was originally assigned to the Honorable Nina Gershon, United States District Judge, and was reassigned to the undersigned on March 6, 2009.

grounds that the administrative decision to garnish plaintiff's wages was "neither arbitrary, capricious, nor an abuse of discretion." (Mot. to Dismiss at 1.)

**II.     Discussion**

    **A.     Legal Standards**

A *pro se* complaint should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Furthermore, such complaints should be interpreted to "raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). A district court must nevertheless dismiss an *in forma pauperis* action when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) (1996).

When material outside the complaint is "presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). For the purposes of this rule, the complaint is deemed to include writings and documents attached to it, referenced in it, or integral to it. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *see also* FED. R. CIV. P. 10(c). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citation omitted). "[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. Here, the court's analysis turns heavily on the administrative record submitted by defendant. As such, the motion is treated as one for summary judgment pursuant to Fed. R. Civ. P. 12(d).

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the non-moving party, but "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In order to defeat a summary judgment motion, the non-moving party carries only "a limited burden of production," but "must demonstrate more than some metaphysical doubt as to the material facts, and come forward with specific facts showing that there is a genuine issue for trial." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004) (internal quotation marks and citation omitted). Those specific facts must be more than "conclusory statements, conjecture, or speculation." *Opals on Ice Lingerie v. Body Lines, Inc.*, 320 F.3d 362, 370 n.3 (2d Cir. 2003). The court must weigh the evidence presented by the non-moving party before allowing that evidence to be used to defeat a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Evidence presented by the non-moving party that is "blatantly contradicted by the record" should not be accepted by the court for purposes of defeating a motion for summary judgment. *Id.* at 380.

**B.    Plaintiff's Request for Counsel**

"While a court may *request* counsel for an indigent litigant in civil cases, it cannot appoint counsel." *Avent v. Solfaro*, 223 F.R.D. 184, 186 (S.D.N.Y. 2004); *see also* 28 U.S.C.A. § 1915(e)(1) (1996). The court has "broad discretion" in ruling on motions of this nature. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, a court should be mindful that requests for civil counsel "are not to be granted routinely, because 'every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer

available for a deserving cause.'" *Barnes v. Nuttail*, 2009 WL 87207, at *1 (W.D.N.Y. Jan. 9, 2009) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). The threshold determination is "whether the litigant is able to afford or otherwise obtain counsel." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Assuming the litigant is indigent, a court should then:

> consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge*, 802 F.2d at 61–62).

Here, plaintiff's successful request to proceed *in forma pauperis* satisfies the threshold requirement. *See Avent*, 223 F.R.D. at 186. However, none of the other factors weigh in favor of the court requesting counsel for him. As discussed further in Parts II.C–D, *infra*, the issues at bar—which are not particularly complex—require no factual investigation, as they turn on questions of law. Indeed, there appears to be no "conflicting evidence" at all regarding the underlying issue of plaintiff's outstanding debt. Therefore, this is not a case where counsel would be more likely to lead to a just determination, and the court declines to make such a request. *See Horowitz*, 28 F.3d at 1341.

### C. Garnishment of Plaintiff's Wages

#### 1. Res Judicata

The court construes plaintiff's argument that defendant's administrative action represents "double jeopardy" as an invocation of res judicata. (Compl. at 1.) "The doctrine[] of res judicata . . . preclude[s] the relitigation of claims . . . that have been previously determined in a valid final judgment. Where there has been a final decision on the merits . . . res judicata or

available for a deserving cause.'" *Barnes v. Nuttail*, 2009 WL 87207, at *1 (W.D.N.Y. Jan. 9, 2009) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). The threshold determination is "whether the litigant is able to afford or otherwise obtain counsel." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Assuming the litigant is indigent, a court should then:

> consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge*, 802 F.2d at 61–62).

Here, plaintiff's successful request to proceed *in forma pauperis* satisfies the threshold requirement. *See Avent*, 223 F.R.D. at 186. However, none of the other factors weigh in favor of the court requesting counsel for him. As discussed further in Parts II.C–D, *infra*, the issues at bar—which are not particularly complex—require no factual investigation, as they turn on questions of law. Indeed, there appears to be no "conflicting evidence" at all regarding the underlying issue of plaintiff's outstanding debt. Therefore, this is not a case where counsel would be more likely to lead to a just determination, and the court declines to make such a request. *See Horowitz*, 28 F.3d at 1341.

### C. Garnishment of Plaintiff's Wages

#### 1. Res Judicata

The court construes plaintiff's argument that defendant's administrative action represents "double jeopardy" as an invocation of res judicata. (Compl. at 1.) "The doctrine[] of res judicata . . . preclude[s] the relitigation of claims . . . that have been previously determined in a valid final judgment. Where there has been a final decision on the merits . . . res judicata or

available for a deserving cause.'" *Barnes v. Nuttail*, 2009 WL 87207, at *1 (W.D.N.Y. Jan. 9, 2009) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). The threshold determination is "whether the litigant is able to afford or otherwise obtain counsel." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Assuming the litigant is indigent, a court should then:

> consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge*, 802 F.2d at 61–62).

Here, plaintiff's successful request to proceed *in forma pauperis* satisfies the threshold requirement. *See Avent*, 223 F.R.D. at 186. However, none of the other factors weigh in favor of the court requesting counsel for him. As discussed further in Parts II.C–D, *infra*, the issues at bar—which are not particularly complex—require no factual investigation, as they turn on questions of law. Indeed, there appears to be no "conflicting evidence" at all regarding the underlying issue of plaintiff's outstanding debt. Therefore, this is not a case where counsel would be more likely to lead to a just determination, and the court declines to make such a request. *See Horowitz*, 28 F.3d at 1341.

### C. Garnishment of Plaintiff's Wages

#### 1. Res Judicata

The court construes plaintiff's argument that defendant's administrative action represents "double jeopardy" as an invocation of res judicata. (Compl. at 1.) "The doctrine[] of res judicata . . . preclude[s] the relitigation of claims . . . that have been previously determined in a valid final judgment. Where there has been a final decision on the merits . . . res judicata or

'claim preclusion' bars further claims by the parties . . . based on the same cause of action." *Johnson v. Eli Lilly & Co.*, 689 F. Supp. 170, 173 (W.D.N.Y. 1988) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). However, "[a] dismissal of an action *without prejudice* is an indication that the judgment is *not* on the merits and will therefore have no preclusive effect."[4]

Essentially, plaintiff's argument seems to be that the 1999 dismissal of the original E.D.N.Y. action should constitute a "final decision on the merits" and thus preclude defendant's subsequent administrative action. However, the record is clear that the 1999 dismissal was without prejudice. *See Gaddy*, No. 98-CV-4048, at Docket Entry No. 8. As such, the prior action can have no preclusive effect, and defendant's administrative action cannot be defeated via claim preclusion.

### 2. Statute of Limitations

Plaintiff also invokes the "statute of limitation[s]" as grounds for reversal of defendant's administrative action. (Compl. at 2.) This argument is readily dismissed. As defendant notes, federal law has eliminated all time limitations regarding actions to recover outstanding educational loans. *See* 20 U.S.C. § 1091a(a)(1) ("It is the purpose of this subsection to ensure that obligations to repay loans . . . are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced."). Furthermore, "[w]hile the Second Circuit has not ruled on whether [this statute] applies retroactively, all of the circuits which have addressed this question have found that [it does]." *Kitchen v. U.S. Dep't of Educ.*, 1998 WL 167325, at *2 (S.D.N.Y. Apr. 9, 1998) (collecting cases); *see also Catto v. Duncan*, 2009 WL 928094, at *4 (S.D.N.Y. Mar. 31, 2009) (rejecting

---

[4] 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 131.54[1] (3d ed. 1999) (emphasis added); *see also Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996). In layman's terms, dismissal of an action without prejudice means that the defendant was free to bring the action again, presumably after correcting some minor defect in the original complaint.

similar statute of limitations argument). This court declines to depart from the precedent established by other circuits and district courts within this circuit, and therefore rejects plaintiff's statute of limitations argument.

### 3. Due Process

Plaintiff's invocation of due process[5] as a ground for reversing the administrative garnishment of his wages is unavailing. *See Catto*, 2009 WL 928094, at *3 (rejecting similar due process claim because plaintiff "clearly had an opportunity to be heard in connection with the wage garnishment procedure"). As required by 20 U.S.C. § 1095a, plaintiff was given written notice of defendant's intent to garnish his wages, which included detailed instructions on how to object to the proposed garnishment via a hearing. (*See* Decl. Ex. 5, at 1–5.) Plaintiff was also provided with the reasoning behind defendant's decision, and was notified of his right to request reconsideration. (Decl. Ex. 4, at 2–3.) Such compliance with the notice requirements of § 1095a satisfies due process. *See, e.g.*, *Savage v. Scales*, 310 F. Supp. 2d 122, 134–35 (D.D.C. 2004); *Nelson v. Diversified Collection Servs. Inc.*, 961 F. Supp. 863, 868 (D. Md. 1997).

Significantly, plaintiff took no action in response to the notice of proposed garnishment, other than to inform defendant of his erroneous belief that the 1999 E.D.N.Y. dismissal discharged his debt. (Decl. Ex. 4, at 5–6.) Nor did he request reconsideration of defendant's decision. (*Id.* at 4.) Having "slept on his rights," plaintiff now seeks the hearing that he previously declined. *Nelson*, 961 F. Supp. at 871. Even if this court was inclined to grant such a request, plaintiff has raised no issue of material fact—such as the actual existence or amount of his debt—which might serve as the basis for such a hearing. In sum, the process due to plaintiff

---

[5] To the extent that plaintiff's allegations sound in *substantive* due process, the court agrees with defendant that § 1095a is "directly and rationally related to the legitimate government interest of collecting on defaulted student loans." (Mot. to Dismiss at 13–14) (citing *Nelson*, 961 F. Supp. at 871.)

7

is satisfied by the combination of defendant's aforementioned notice, and this court's review of the administrative decision, *infra*. *See Catto*, 2009 WL 928094, at *3.

### 4. Administrative Review

The Administrative Procedure Act provides for the setting aside of agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Fox Television Stations, Inc. v. Fed. Commc'ns Comm'n*, 489 F.3d 444, 455 (2d Cir. 2007) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

> Agency action is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* (citations and internal quotations omitted). In conducting a review, a district court is limited to the administrative record. *See Catto*, 2009 WL 928094, at *4 (citing *Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976)).

A thorough examination of the record reveals that defendant's administrative garnishment of plaintiff's wages was not arbitrary, capricious, or an abuse of discretion. Defendant's decision was based on the fact that it held "the promissory note and other records supporting the existence of [the] debt." (Decl. Ex. 4, at 2.) Defendant also noted that plaintiff "presented no evidence to substantiate [his] objection to the validity of [these] records and [the]

signed promissory note."[6] Defendant considered the one piece of evidence plaintiff did submit—the 1999 E.D.N.Y. decision—and, as discussed in Part 1, *supra*, properly discounted its preclusory effect. (*See* Decl. Ex. 4, at 2.) The overwhelming weight of evidence before defendant indicated that plaintiff indeed had defaulted on his federally-secured student loans. Accordingly, defendant is entitled to summary judgment with respect to review of its decision to seek repayment via garnishment of plaintiff's wages. *See Catto*, 2009 WL 928094, at *5.

D.  **Interest Rates**

Construed liberally, plaintiff's final argument is that the interest rates applied to his debt were excessive. (*See* Compl. at 1.) They clearly were not. Plaintiff does not dispute that he signed a promissory note agreeing to pay interest rates of 7% and 7.5% on his three educational loans. (Decl. Ex. 1, at 1.) This is far below the 16% maximum rate of interest allowed by the State of New York. *See In re Renshaw*, 222 F.3d 82, 89 (2d Cir. 2000) (citing N.Y. COMP. CODES R. & REGS. tit. 3, § 4.1 (1999); N.Y. GEN. OBLIG. LAW § 5-501 (McKinney 1989)); *see also* N.Y. BANKING LAW § 14-a (McKinney 2008). Furthermore, plaintiff's balance as of the administrative decision properly reflects the interest accrual at the agreed-to rate on the unpaid principal over the thirty-four years since his default. Accordingly, the court finds that there is no

---

[6] (*Id.* Ex. 4, at 1.) Indeed, plaintiff has not even contested the validity of his underlying debt in the *instant* action; his only substantive argument is that defendant "has not produce[d] . . . actual documentation proving I attended [the Interboro Institute] during the stated time." (Pl.'s Resp. at 4.) This argument is easily dismissed. As defendant correctly notes, plaintiff's "obligation to repay his federally-funded student loans is not extinguished by virtue of his purported failure to attend classes at Interboro Institute." (Def.'s Reply at 2) (citing *Oliver Schools, Inc. v. Foley*, 881 F. Supp. 847, 850–51 (W.D.N.Y. 1994) for the proposition that educational loans must be refunded if a student withdraws, or else the student remains liable under Payment of a Refund or a Return of Title IV, HEA Program Funds to a Lender upon a Student's Withdrawal Rule, 34 C.F.R. § 682.607 (2009).)

issue of material fact regarding interest rates that prevent it from granting judgment to defendant as a matter of law.

## III. Conclusion

For the foregoing reasons, defendant's motion for summary judgment is granted. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
March 22, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge