```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
STANLEY GADDY, *pro se*,                        :
                                                :
                    Plaintiff,                  :
                                                :          **SUMMARY ORDER**
              -against-                         :          08-CV-573 (DLI)(LB)
                                                :
UNITED STATES DEPARTMENT OF EDUCATION,          :
                                                :
                    Defendants.                 :
                                                :
                                                :
------------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Stanley Gaddy ("Plaintiff") filed the instant motion seeking to (1) vacate the Clerk's March 23, 2010 Judgment (Dkt. Entry No. 24), and (2) relitigate the Department of Education's garnishment of his wages for defaulting on payment of his student loans. (*See* Plaintiff's Motion for Reconsideration ("Pl. Mot."), Dkt. Entry No. 25.) The Court construes the instant motion as a motion seeking reconsideration of the Court's March 22, 2010 Memorandum and Order, which granted summary judgment to the Department of Education and dismissed Plaintiff's claim with prejudice. (*See* Memo. & Or., Dkt. Entry No. 23.) For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## DISCUSSION

This Order is written for the benefit of the parties and familiarity with the underlying facts and issues is presumed.[1] The Court construes Plaintiff's motion liberally, as is required for *pro se* submissions,[2] as seeking a motion for reconsideration.

---

[1]   A detailed discussion of the factual background of this case is set forth in this Court's March 22, 2010 Memorandum and Order. (*See* Memo. & Or., Dkt. Entry No. 23.)

[2]   *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Plaintiff has made no showing of a change in the controlling law or the need to correct a clear error or to prevent manifest injustice. He has presented no new evidence or legal arguments in support of his motion; rather, he seeks to relitigate issues previously resolved by this Court. Accordingly, Plaintiff's motion for reconsideration is denied.

---

and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
　　　　March 27, 2014

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　　United States District Judge